JOSEPH MYETTE, Administrator, *vs.* J. MASON GROSS *et al.*

An action for damages for the injury caused by the death of any person given by Pub. Stat. R. I. cap. 204, § 20, in cases in which the death of such person "ensues from injury inflicted by the wrongful act of another, and in which an action for damages might have been maintained at the common law had death not ensued," cannot be maintained where the defendant is charged with a mere passive neglect or omission of duty :

Hence, in an action where the declaration merely showed that the defendants had negligently omitted sufficiently to shore up the roof of their mine in consequence of which the plaintiff's intestate was killed by the falling upon him of a mass of graphite,

*Held*, that the action would not lie.

DEFENDANTS' petition for a new trial.

*December* 1, 1894.　PER CURIAM.　The declaration in this case shows merely that the defendants negligently omitted sufficiently to shore up the roof of their mine, in consequence of which the plaintiff's intestate was killed by the falling upon him of a mass of graphite. As the intestate was killed, no action for damages lies at common law. Pub. Stat. R. I. cap. 204, § 20,[1] provides an action in cases in which death ensues from injury inflicted by the wrongful act of another and in which an action for damages might have been maintained at common law had death not ensued. But this statute does not extend to an action against a defendant who is charged with a mere passive neglect or omission of duty. *Bradbury* v. *Furlong*, 13 R. I. 15.

---

[1] As follows :

SEC. 20. In all cases in which the death of any person ensues from injury inflicted by the wrongful act of another, and in which an action for damages might have been maintained at the common law had death not ensued, the person inflicting such injury shall be liable to an action for damages for the injury caused by the death of such person, to be recovered by action of the case for the use of the husband, widow, children or next of kin, in like manner and with like effect as in the preceding five sections provided.

The verdict is set aside and the case remitted to the Common Pleas Division with direction to dismiss, unless the plaintiff is able to amend his declaration so as to bring the case within the provision of the statute and, on motion, shall obtain leave for such amendment.

*Albert D. Bean*, for plaintiff.

*Raymond G. Mowry*, for defendants.