CHARLES C. WILBUR *vs.* CHALLONER C. GROSS.

MARCH 17, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, and Baker, JJ.

PER CURIAM. Recently (see *Wilbur* v. *Gross*, 55 R. I. 473) we rendered an opinion in this case sustaining the defendant's exception to the refusal of the trial justice at the trial in the superior court to direct a verdict for the defendant. The plaintiff has since been heard on our order giving him an opportunity to show cause why the case should not be remitted to the superior court with a direction to enter judgment for the defendant.

The case is an action of trespass to recover for physical injuries inflicted on the plaintiff by the defendant's dog. It was brought in reliance on a statute which provides that a person upon whom injuries have been thus inflicted, while he is out of the enclosure of the dog's owner, may recover damages therefor from such owner, without proving that such owner "knew that such dog was accustomed to do such damage." As the plaintiff, in his declaration, alleged facts to show that this statute applied to the case, he neither alleged therein nor proved at the trial such knowledge on the part of the defendant. In our opinion we found that the plaintiff did not receive his injuries while out of the enclosure of the defendant, and that therefore a verdict should have been directed for the defendant.

After such a finding the entry of a judgment for the defendant by the superior court would ordinarily be directed by this court under the permissive power conferred by general laws 1923, chapter 348, sec. 22, as follows: "The supreme court, after deciding the questions presented in a bill of exceptions, shall remit the cause, with the papers therein, to the superior court, with direction for such further proceedings as to law and justice shall appertain: *Provided,* that when the supreme court shall find that there is no evidence to support the verdict or decision, or that the verdict or decision is founded on such error of·law as to be decisive of the cause, it may order judgment entered in the superior court for the party prosecuting the exceptions; but judgment shall not be ordered against the party in whose favor the verdict or decision was rendered, until opportunity shall have been given to such party to show cause why such order should not be made."

In the instant case, however, the plaintiff assures us that he has evidence to prove the knowledge by the defendant which is necessary, and is sufficient, together with the evidence introduced at the former trial, to establish a cause of action against the defendant, independent of the statute; but that he did not allege such knowledge in his declaration, so as to set forth such a cause of action, by a separate count or otherwise, because he justifiably believed, from language used by this court in opinions in some previous cases brought in reliance upon this statute, that by reason of such statute he had a cause of action against the defendant upon the facts set forth in his declaration and proved at the former trial. He therefore contends that justice requires that he be given the opportunity to allege such knowledge by the defendant in an amended declaration, and to prove the same at a new trial.

We have concluded that there is sufficient merit in this contention, in view of the peculiar circumstances of this case, to make it an exceptional case and to make the following further proceedings ordered by us such "as to law and

justice shall appertain," within the intent and meaning of the statutory provision above quoted. For a case which was somewhat similar to the instant one and in which a similar order was made, see *Myette* v. *Gross*, 18 R. I. 729, 30 A. 602.

We therefore order that this case be remitted to the superior court with directions that it permit the plaintiff to amend his declaration so that the amended declaration will set forth only a cause of action by him, without regard to the statute, to recover damages for the injuries complained of by him in his present declaration, if he can so amend it; and that, if he shall thus amend his declaration within such reasonable time as the superior court shall fix for the purpose, it grant him a new trial; but that if he shall not thus amend his declaration within such time, a judgment be entered for the defendant.

*Fred Israel*, for plaintiff.

*Wilson, Lovejoy, Budlong & Clough, Wilford S. Budlong*, for defendant.